IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CATINELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: |
| ) | |
| COUNTY OF COOK, a unit of municipal ) | |
| government, and COOK COUNTY ) | |
| DEPARTMENT OF TRANSPORTATION ) | |
| AND HIGHWAYS, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, MICHAEL CATINELLA, (hereinafter referred to as "Plaintiff"), by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and for his Complaint against the Defendants, COUNTY OF COOK and COOK COUNTY DEPARTMENT OF TRANSPORTATION AND HIGHWAYS, alleges and states as follows:

**NATURE OF CLAIMS**

1. Plaintiff brings this action to remedy discrimination and the deprivation of Plaintiff's civil rights through acts or omissions of Defendants committed under color of law in violation of 42 U.S.C. §1983 and 42 U.S.C. §1981.

2. Plaintiff seeks legal and equitable relief, including, but not limited to, reinstatement of position including adjustment of seniority records, lost pay and benefits, compensatory and punitive damages, interest, and attorney's fees.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and §1343.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Plaintiff and all of the Defendants either reside in this district or have their principal place of business within this district, and all events giving rise to Plaintiff's claims occurred within this district.

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

6. Plaintiff, MICHAEL CATINELLA, is a Caucasian male citizen of the United States, residing within the Northern District of Illinois.

7. Defendant COUNTY OF COOK is a municipality incorporated under the laws of the State of Illinois. COUNTY OF COOK administers itself through departments, one of which is the Defendant COOK COUNTY DEPARTMENT OF TRANSPORTATION AND HIGHWAYS ("CCDOTH").

8. At all relevant times, Defendant COUNTY OF COOK, through CCDOTH, has been continuously engaged in an industry affecting commerce.

9. At all times relevant hereto, Defendants had a statutory duty to take all reasonable and necessary steps to eliminate political retribution from the workplace and to prevent it from happening in the future.

## FACTUAL BACKGROUND

10. Plaintiff Catinella was hired by Defendant County of Cook in January 1994.

11. Upon hiring, Plaintiff was assigned to Defendant CCDOTH as a machinist.

12. At all relevant times, Plaintiff fulfilled his assigned duties satisfactorily.

13. At all relevant times, Plaintiff was widely regarded by both his peers and supervisors as a skilled and hardworking employee.

14. Upon information and belief, Plaintiff had never been disciplined by the Defendants prior to January 2013.

15. On or about January 24, 2013, a grievance was filed by CCDOTH employees including Andrew Chapman, Phillip Varnagis, and Gary Roden that Mr. Catinella had been assigned to a higher rated position within the department.

16. On February 4, 2013, the Plaintiff was notified by the Defendants that he was being placed on emergency suspension until further notice.

17. On or about February 6, 2013, the Plaintiff was arrested for alleged disorderly conduct and bonded out.

18. On February 22, 2013, the Plaintiff was notified by CCDOTH of a pre-disciplinary meeting scheduled for February 28, 2013.

19. On February 28, 2013, the Plaintiff attended the pre-disciplinary meeting and refuted the charges against him.

20. On March 5, 2013, the Defendants terminated the employment of the Plaintiff.

21. On March 27, 2013, the Plaintiff filed a grievance for unjustified termination.

22. On April 8, 2013, the Plaintiff's grievance was summarily denied at Steps 1 and 2 by the Plaintiff's immediate supervisor and the CCDOTH.

23. On June 24, 2013, the Plaintiff's Step 3 grievance was denied and his termination was upheld.

24. On October 4, 2013, the disorderly conduct charge against the Plaintiff was dismissed.

## COUNT 1 -- VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS

25. Plaintiff incorporates and re-alleges paragraphs 1 through 24 as if fully set forth herein as paragraph 25.

26. This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution for violation of Plaintiff's procedural and substantive due process rights and the violation thereof resulting from the termination of Plaintiff's employment with Defendants.

27. Plaintiff's employment with Defendants was terminated based upon alleged misconduct without progressive discipline afforded to other employees of Defendant.

28. Defendants acted unlawfully when they terminated Plaintiff's employment without first applying progressive discipline.

29. As the actual and proximate result of the acts of the Defendant as described herein, Plaintiff was wrongfully terminated and forced to endure humiliation, severe emotional distress, and damage to his reputation.

30. By reason of the conduct of the Defendants, Plaintiff was deprived of rights, privileges, and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff seeks the following relief as to Count I of the Complaint:

A. Plaintiff to be reinstated in a position commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendants;

B. All wages and benefits Plaintiff would have received but for the denial of his due process rights, said benefits include but are not limited to back pay, front pay, future pecuniary losses, medical benefits, and pre-judgment interest;

C. Compensatory damages in an amount to be determined at trial;

D. An award of Plaintiff's attorneys' fees, court costs, litigation expenses and disbursements which Plaintiff has incurred and will incur as a result of the Defendants' unlawful conduct; and

E. Such other relief as this Court deems just and equitable.

## COUNT II -- VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS

31. Plaintiff incorporates and re-alleges paragraphs 1 through 30 as if fully set forth herein as paragraph 31.

32. By reason of the conduct of the Defendants, Plaintiff was deprived of rights, privileges, and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. §1983 and is entitled to all remedies available to him under 42 U.S.C. §1981.

WHEREFORE, Plaintiff seeks the following relief as to Count II of the Complaint:

A. Plaintiff to be reinstated in a position commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendants;

B. All wages and benefits Plaintiff would have received but for the denial of his rights, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

  C. Compensatory damages in an amount to be determined at trial;

  D. An award of Plaintiff's attorneys' fees, court costs, litigation expenses and disbursements which Plaintiff has incurred and will incur as a result of the Defendants' unlawful conduct; and

  E. Such other relief as this Court deems just and equitable.

## COUNT III -- VIOLATION OF 42 U.S.C. 1981
## DISCRIMINATION BASED ON RETALIATION

33. Plaintiff restates and re-alleges by reference paragraphs 1 through 32 as if fully set forth herein as paragraph 33 against all Defendants.

34. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting the Plaintiff to an OIIC investigation and terminating his employment based upon matters not current or factually accurate.

35. Plaintiff's performance evaluations found that the plaintiff met or exceeded expectations in every category.

36. Defendants' actions in moving for termination were politically motivated and in retaliation for Plaintiff's position within the CCDOTH.

37. Upon information and belief, the Defendants created allegations of disorderly conduct by the Plaintiff to justify disciplinary proceedings, arrest and subsequent termination.

38. The conduct alleged herein constitutes a pattern, custom, and practice of retaliatory discrimination. All of the Defendants' employment practices as alleged herein are undertaken with discriminatory intent. This conduct constitutes an official policy or custom of the Cook County Department of Transportation and Highways, which has adversely affected Plaintiff and violated his rights to make and enforce contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. §1981.

39. The Defendants differential and better treatment of those employees who do not report violations or misconduct over the Plaintiff was the result of discrimination based upon retaliation by the Defendants in violation of 42 U.S.C. 1981.

40. The Defendants' discipline of the Plaintiff, together with its other discriminatory treatment of Plaintiff, constituted and was part of the unconstitutional retaliatory based policy, practice or customs of the Defendants, in violation of 42 U.S.C. 1981.

41. Defendants Cook County and Cook County Department of Transportation and Highways, are responsible for the actions of Department employees, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of retaliatory discrimination.

42. The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff seeks the following relief as to Count III of the Complaint:

A. Plaintiff to be reinstated in a position commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendants;

B. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

C. Compensatory damages in an amount to be determined at trial;

D. An award of Plaintiff's attorneys' fees, court costs, litigation expenses and disbursements which Plaintiff has incurred and will incur as a result of the Defendants' unlawful conduct; and

E. Such other relief as this Court deems just and equitable.

### COUNT IV -- VIOLATION OF 42 U.S.C. 1983 DISCRIMINATION BASED UPON RETALIATION

43. Plaintiff restates and re-alleges by reference paragraphs 1 through 42 as if fully set forth herein as paragraph 43, against all Defendants.

44. At all times relevant hereto, Defendants acted as employees, supervisors, and final policy makers for the Cook County Department of Transportation and Highways and its respective agencies.

45. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to an investigation and causing his employment to be terminated.

46. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination against individuals based on retaliation.

47. The actions of the Defendants against Plaintiff violated his equal protection right to be free from discrimination based on retaliation under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

48. All Defendants have acted under color of state law at all material times hereto.

49. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. §1983, 42 U.S.C. §1981 and the Civil Rights Act of 1991.

50. Plaintiff has been terminated without due process and without a basis.

51. Plaintiff has not been afforded any progressive discipline prior to being terminated.

52. Defendants have afforded disparate treatment to employees who report violations or assert lawful rights.

53. As the actual and proximate result of the acts of the Defendants as described herein, Plaintiff has been wrongfully terminated, unable to obtain a promotion, and has lost pay and benefits. Plaintiff has been forced to endure mental anguish, humiliation, degradation, physical and emotional pain and suffering, damage to his reputation, inconvenience, loss of wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff seeks the following relief as to Count IV of the Complaint:

A. Plaintiff to be reinstated in a position commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendants;

B. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

C. Compensatory damages in an amount to be determined at trial;

D. An award of Plaintiff's attorneys' fees, court costs, litigation expenses and disbursements which Plaintiff has incurred and will incur as a result of the Defendants' unlawful conduct; and

E. Such other relief as this Court deems just and equitable.

PLAINTIFF DEMANDS A TWELVE (12) PERSON JURY TRIAL

                                        Respectfully submitted,

                                        MICHAEL CATINELLA

                       By:    /s/ Anthony J. Peraica
                                        ONE OF HIS ATTORNEYS

ANTHONY J. PERAICA, ARDC NO.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS 60632
(773) 735-1700